fense. See Ratliff v. State, 95 Tex. Cr. R. 511, 254 S. W. 965; also, Ruling Case Law, vol. 13, p. 299, § 249; Berry on Automobiles (3d Ed.) § 155.

[3] A regulation touching the use of the streets by automobiles, which is within the scope of the city's charter powers, is not inhibited by the state law upon the subject unless there be a conflict between the two. See Gill v. City of Dallas (Tex. Civ. App.) 209 S. W. 209; City of San Antonio v. Besteiro (Tex. Civ. App.) 209 S. W. 472; City of San Antonio v. Fetzer (Tex. Civ. App.) 241 S. W. 1034; Ex parte Curry, 96 Tex. Cr. R. 3, 255 S. W. 730; Ex parte Wright, 82 Tex. Cr. R. 247, 199 S. W. 486; Ex parte Parr, 82 Tex. Cr. R. 525, 200 S. W. 404; Vernon's Tex. Civ. Stat. 1925, vol. 2, p. 309, note 20, also, p. 344, note 5; Ex parte Jonischkies, 92 Tex. Cr. R. 461, 244 S. W. 997.

In its charter, the city of San Antonio is vested with the authority to control the use of the streets and highways within the city. This power, of course, is to be exerted in a manner not to bring it in conflict with the state law upon the subject.

The application for writ of habeas corpus is denied, and the relator is remanded to custody.

## McGREGORY v. STATE. (No. 10477.)

(Court of Criminal Appeals of Texas. Feb. 16, 1927.)

Burglary ⚖=41(1)—Conviction of burglary by entering building and blowing safe held sustained by circumstantial evidence.

In prosecution for burglary, where safe in building was blown, evidence held sufficient to sustain verdict; case being submitted on theory of circumstantial evidence.

Appeal from District Court, Angelina County; C. A. Hodges, Judge.

Howard McGregory was convicted of burglary, and he appeals. Affirmed.

Collins & Collins and W. S. Poston, all of Lufkin, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction of burglary; punishment, four years in the penitentiary.

There is no brief on file for appellant. He introduced but one witness, who gave no testimony of any materiality. The place of business of witness Glenn, in Lufkin, Tex., was burglarized on the night of April 5th. The safe was blown. White soap was used in the operation; grease was also used, apparently to prevent finger prints. Parts of two pieces of cloth were found in the bur-

glarized house. Appellant and a companion had been staying in the town. They apparently had no business. They were arrested on the day following the burglary in a neighboring town. In their car were found pieces of cloth torn to correspond with the pieces of cloth found in the burglarized building. In the jaws of knives and upon other things in said car were found white soap and grease corresponding with that found around the safe blown open in the burglarized place of business.

There are no bills of exception in the record, and the only question raised is as to the sufficiency of the testimony. The court submitted the case to the jury upon the theory of circumstantial evidence. We are of opinion that the evidence justified the conclusion reached by the jury.

Finding no error in the record, the judgment will be affirmed.